UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
P. CHRISTOPHER LEARY,

                      Plaintiff,

        1:18-cv-00048-LTS-HBP

      - against -

FAWAZ AL-MUBARAKI and WAFRA
INVESTMENT ADVISORY GROUP, INC.,

                    Defendants.
----------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## MOTION TO DISMISS DEFENDANTS' AMENDED COUNTERCLAIMS

                    VLADECK, RASKIN & CLARK, P.C.
                    Attorneys for Plaintiff
                    565 Fifth Avenue, 9th Floor
                    New York, New York 10017
                    (212) 403-7300

Of counsel:
    Debra L. Raskin
    Thomas Bellifemine

903507 v6

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 3

ARGUMENT .............................................................................................................................. 4

    I.    STANDARD OF REVIEW ...................................................................................... 4

    II.    WAFRA DOES NOT PLEAD A CAUSE OF ACTION FOR BREACH OF CONTRACT .......................................................................................................... 5

        A.    WAFRA Has Failed to Establish the Existence of a Valid Contract .......... 6

        B.    WAFRA Has Failed to Plead Damages From Leary's Alleged Breach of Contract ...................................................................................................... 7

        C.    WAFRA's Contract Claim is Duplicative ..................................................... 8

    III.    WAFRA FAILS TO ALLEGE CONDUCT THAT BREACHES LEARY'S FIDUCIARY DUTY OF LOYALTY AND GOOD FAITH ................................... 9

        A.    The Counterclaims Allege Only Purported Misconduct That Is Not Actionable .................................................................................................. 9

        B.    WAFRA Fails to Plead Damages for the Alleged Breach of Fiduciary Duty ........................................................................................................ 11

    IV.    WAFRA'S COUNTERCLAIMS ARE RETALIATORY ..................................... 12

CONCLUSION ........................................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**                                                                                                      Page(s)

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)..........................................................................................................5

Benihana of Tokyo, LLC v. Angelo, Gordon & Co., L.P.,
   259 F. Supp. 3d 16 (S.D.N.Y. 2017), aff'd, 712 F. App'x 85 (2d Cir. 2018)..............................7

Berman v. Sugo LLC,
   580 F. Supp. 2d 191 (S.D.N.Y. 2008)..........................................................................................9

Birnbaum v. Birnbaum,
   73 N.Y.2d 461 (1989).................................................................................................................10

Burke v. Steinmann,
   No. 03 Civ. 1390(GEL), 2004 WL 1117891 (S.D.N.Y. May 18, 2004).....................................10

Carter v. JPMorgan Chasebank, N.A.,
   17 Civ. 4244 (GBD) (SN), 2018 WL 1083966 (S.D.N.Y. Feb. 28, 2018)....................................2

Chen v. Antel Commc'ns, LLC,
   653 Fed. App'x 43 (2d Cir. 2016).................................................................................................2

Childers v. New York & Presbyterian Hosp.,
   36 F. Supp. 3d 392 (S.D.N.Y. 2014).............................................................................................7

Chowaiki & Co. Fine Art v. Lacher,
   982 N.Y.S.2d 474 (Sup. Ct. App. Div. 2014)...............................................................................8

Chrysler Capital Corp. v. Hilltop Egg Farms, Inc.,
   514 N.Y.S.2d 1002 (Sup. Ct. App. Div. 1987).............................................................................7

CMG Holdings Grp. v. Wagner,
   No. 15-CV-5814 (JPO), 2016 WL 4688865 (S.D.N.Y. Sept. 7, 2016).........................................6

Cohen v. Stephen Wise Free Synagogue,
   No. 95 Civ. 1659 (PKL), 1996 WL 159096 (S.D.N.Y. Apr. 4, 1996)..........................................4

Compunnel Software Grp., Inc. v. Gupta,
   No. 14 Civ. 4790(SAS), 2015 WL 1224298 (S.D.N.Y. Mar. 17, 2015)...................................5, 6

Conway v. Icahn & Co.,
   16 F.3d 504 (2d Cir. 1994).........................................................................................................10

Diaz v. Transatlantic Reinsurance Co.,
  No. 16 Civ. 1355 (GBD), 2016 WL 3568071 (S.D.N.Y. June 22, 2016)...................................6

Farricker v. Penson Dev., Inc.,
  No. 07 Civ. 11191(DAB), 2010 WL 845983 (S.D.N.Y. Mar. 4, 2010) ........................2, 10, 11

Fink v. Time Warner Cable,
  810 F.Supp.2d 633 (S.D.N.Y 2011)...................................................................................7

First Mfg. Co. v. Young,
  No. 067961/2014, 2014 WL 5642445 (N.Y. Sup. Ct. Nov. 3, 2014).....................................10

Fuji Photo Film U.S.A., Inc. v. McNulty,
  669 F. Supp. 2d 405 (S.D.N.Y. 2009)...................................................................................6

Gortat v. Capala Bros.,
  585 F. Supp. 2d 372 (E.D.N.Y. 2008) ............................................................................9, 10

Grayson v. Ressler & Ressler,
  271 F. Supp. 3d 501 (S.D.N.Y. 2017)...................................................................................7

Gregory v. Stewart's Shops Corp.,
  No. 7:14-cv-00033, 2017 WL 4326518 (N.D.N.Y. Sept. 28, 2017).........................................6

Grewal v. Cuneo,
  No. 13-CV-6836(RA), 2016 WL 308803 (S.D.N.Y. Jan. 25, 2016) .........................................2

Griffin Bros. v. Yatto,
  415 N.Y.S.2d 114, 114 (Sup. Ct. App. Div. 1979) ................................................................7

Indep. Order of Foresters v. Donald, Lufkin & Jennette, Inc.,
  157 F.3d 933 (2d Cir. 1998)...................................................................................................11

Jinno Int'l Co. v. Premier Fabrics, Inc.,
  No. 12 Civ. 07820(LGS), 2013 WL 4780049 (S.D.N.Y. May 24, 2013)................................7

Khodeir v. Sayyed,
  323 F.R.D. 193 (S.D.N.Y. 2017) .........................................................................................8

Kreinik v. Showbran Photo, Inc.,
  No. 02Civ.1172(RMB)(DF), 2003 WL 22339268 (S.D.N.Y. Oct. 14, 2003).........................13

Kurniawati v. JI Club Corp.,
  No. 12 Civ. 3494(PGG), 2013 WL 1225865 (S.D.N.Y. Mar. 20, 2013)................................10

Leeber Realty LLC v. Trustco Bank,
  No. 17-CV-2934 (KMK), 2018 WL 2561030 (S.D.N.Y. June 4, 2018) ...............................5, 6

Lobosco v. N.Y. Tel. Co./NYNEX,
    96 N.Y.2d 312 (2001) ........................................................................................... 1, 7

Lopez v. M & G Tapas Rest. Corp.,
    No. 12 Civ. 2203(PAC), 2013 WL 1100792 (S.D.N.Y. Mar. 18, 2013) ................... 5

Mandarin Trading Ltd. v. Wildenstein,
    No. 602648/06, 2007 WL 3101235 (N.Y. Sup. Ct. Sept. 4, 2007), aff'd, 884
    N.Y.S.2d 47 (2009), aff'd, 16 N.Y.3d 173 (2011) ................................................... 7

Margrabe v. Sexter & Warmflash, P.C.,
    353 F. App'x 547 (2d Cir. 2009) ........................................................................ 9, 12

N. Shipping Funds I, L.L.C. v. Icon Capital Corp.,
    No. 12 Civ. 3584(JCF), 2013 WL 1500333 (S.D.N.Y. Apr. 12, 2013) ................ 4, 5

Nicholas v. Wyndham Hotel Grp., LLC,
    No. 14-cv-5726 (PKC), 2015 WL 1011724 (S.D.N.Y. Mar. 9, 2015) ...................... 1

Nicholsen v. Feeding Tree Style, Inc.,
    No. 12 Civ. 6236(JPO), 2014 WL 476355 (S.D.N.Y. Feb. 6, 2014) ........................ 5

Ozawa v. Orsini Design Assocs., Inc.,
    No. 13-CV-1282 (JPO), 2015 WL 1055902 (S.D.N.Y. Mar. 11, 2015) ................. 12

Phansalkar v. Andersen Weinroth & Co., L.P.,
    344 F.3d 184 (2d Cir. 2003) .................................................................................... 9

Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC,
    813 F. Supp. 2d 489 (S.D.N.Y. 2011) ................................................................... 11

Rozenzweig v. ClaimFox, Inc.,
    251 F. Supp. 3d 449 (E.D.N.Y. 2017) ..................................................................... 6

Rush v. Oppenheimer & Co.,
    681 F. Supp. 1045 (S.D.N.Y. 1988) ...................................................................... 10

Sabetay v. Sterling Drug, Inc.,
    69 N.Y.S.2d 329 (1987) .......................................................................................... 7

Sanders v. Madison Square Garden, L.P.,
    No. 06 Civ. 589(GEL), 2007 WL 1933933 (S.D.N.Y. July 2, 2007) .................... 11

Schenck v. Bear, Stearns & Co.,
    484 F. Supp. 937 (S.D.N.Y. 1979) ........................................................................ 10

Seymour's Boatyard, Inc. v. Town of Huntington,
    No. 08-CV-3248 (JG)(AKT), 2009 WL 1514610 (E.D.N.Y. June 1, 2009) ............ 4

Sullivan & Cromwell LLP v. Charney,
  No. 600333/2007, 2007 WL 1240437 (N.Y. Sup. Ct. Apr. 30, 2007)..........................................9

Sullivan v. Harnisch,
  19 N.Y.3d 259 (2012) ................................................................................................................7

Torres v. Gristede's Operating Corp.,
  628 F. Supp. 2d 447 (S.D.N.Y. 2008)......................................................................................12

Vanacore v. Expedite Video Conferencing Servs., Inc.,
  No. CV 14-6103 (JS)(GRB), 2015 WL 10553221 (E.D.N.Y. Dec. 10, 2015).........................10

Veritas Capital Mgmt. L.L.C. v. Campbell,
  No. 650058/08, 2008 WL 5491146 (N.Y. Sup. Ct. Nov. 24, 2008) .......................................2, 9

Webb v. Robert Lewis Rosen Assocs., Ltd.,
  No. 03 Civ. 4275(HB), 2003 WL 23018792 (S.D.N.Y. Dec. 23, 2003) ..................................11

Weight v. Day,
  20 N.Y.S.3d 640 (App. Div. 2015) ............................................................................................8

**Statutes**

Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ................................................................1

New York Labor Law § 193 ...........................................................................................................11

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).............................................................................................................1, 4

## PRELIMINARY STATEMENT

Plaintiff/Counterclaim Defendant P. Christopher Leary ("plaintiff" or "Leary") respectfully submits this memorandum of law in support of his Motion to Dismiss Defendants' Amended Counterclaims. Defendants WAFRA Investment Advisory Group, Inc. ("WAFRA") (now known as WAFRA, Inc.) and Fawaz Al-Mubaraki ("Al-Mubaraki") (collectively "defendants") filed Defendants' Answer to Amended Complaint with Amended Counterclaims, ECF No. 24 ("Amended Counterclaims") on June 8, 2018. Pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff moves to dismiss defendants' counterclaims for failure to state a claim. Under well-established law, WAFRA's counterclaims are baseless, which leads to the inevitable conclusion that WAFRA's only motivation is a retaliatory effort to deter Leary from pursuing his claims of bias and violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").

WAFRA's breach of contract claims are frivolous. WAFRA cannot establish: 1) that Leary had a valid employment contract with WAFRA; 2) that WAFRA upheld its contractual obligations; 3) that Leary materially breached any contract; or 4) that WAFRA suffered damages as a result of Leary's alleged breach. Contrary to WAFRA's assertions, black letter law holds that an employee handbook, with limited circumstances not applicable here, does not create an employment contract, especially where the handbook has a disclaimer saying as much.[1] WAFRA's counterclaim is particularly ill-founded since defendants' employee handbook contains the clear disclaimer in capital letters and bold type:

---

[1] Nicholas v. Wyndham Hotel Grp., LLC, No. 14-cv-5726 (PKC), 2015 WL 1011724, at *4 (S.D.N.Y. Mar. 9, 2015) (explaining that "'[r]outinely issued employee manuals, handbooks and policy statements should not lightly be converted into binding employment agreements.'" (alteration in original) (quoting Lobosco v. N.Y. Tel. Co./NYNEX, 96 N.Y.2d 312, 317 (2001))).

> **THIS EMPLOYEE HANDBOOK SHOULD NOT BE CONSTRUED AS, AND DOES NOT CONSTITUTE, A CONTRACT OF EMPLOYMENT, EITHER EXPRESS OR IMPLIED, OR A GUARANTEE OF EMPLOYMENT FOR ANY SPECIFIC DURATION. YOUR EMPLOYMENT WITH WAFRA IS AT-WILL AND CAN BE TERMINATED BY EITHER YOU OR WAFRA AT ANY TIME, WITH OR WITHOUT CAUSE AND WITH OR WITHOUT ADVANCE NOTICE, FOR ANY REASON NOT EXPRESSLY PROHIBITED BY APPLICABLE LAW.[2]**

(Exhibit 1 - Online Employee Handbook at 12) (emphasis in original).[3] WAFRA does not assert that any other document constituted a contract with Leary. Thus, WAFRA's counterclaim for breach of contract is not only baseless but is another attempt at retaliating against Leary for asserting his rights.

Additionally, even if accepted as true, WAFRA's allegations do not establish a claim for breach of the fiduciary duty of loyalty and good faith because defendants have not shown that Leary engaged in the limited types of misconduct for which an employer can seek damages from an employee or corporate officer. Leary did not: (1) unfairly compete with; (2) divert business from; (3) accept improper kickbacks; or (4) perform any other such disloyal act to enrich himself while employed with WAFRA.[4] WAFRA's allegations of Leary's excessive drinking are not only a false and scurrilous attack on an executive who worked for WAFRA successfully for 18 years,

---

[2] The 2011 print version of WAFRA's employee handbook contains a similar disclaimer: "This handbook is not a contract, express or implied." (Exhibit 2)

[3] In supporting a motion to dismiss, a party can cite documents relied upon or integral to the complaint. Chen v. Antel Commc'ns, LLC, 653 Fed. App'x 43 (2d Cir. 2016); Carter v. JPMorgan Chasebank, N.A., 17 Civ. 4244 (GBD) (SN), 2018 WL 1083966, at *2 n.4 (S.D.N.Y. Feb. 28, 2018). The counterclaims rely on the various versions of the WAFRA employee handbook. (See Amended Counterclaims ¶¶ 3, 7, 8, 9, 10, 11)

[4] See Grewal v. Cuneo, No. 13-CV-6836(RA), 2016 WL 308803, at *7 (S.D.N.Y. Jan. 25, 2016) (quoting Farricker v. Penson Dev., Inc., No. 07 Civ. 11191(DAB), 2010 WL 845983, at *2 (S.D.N.Y. Mar. 4, 2010)); see also Veritas Capital Mgmt. L.L.C. v. Campbell, No. 650058/08, 2008 WL 5491146, at *10-11 (N.Y. Sup. Ct. Nov. 24, 2008).

903507 v6                                                2

but even if taken as true, fail to state a claim under the limited definitions of an employee's breach of fiduciary duty. WAFRA's counterclaims should therefore be dismissed with prejudice.

## STATEMENT OF FACTS

Leary disputes the majority of the allegations in WAFRA's counterclaims (Amended Counterclaims, ECF No. 24 ¶¶ 1-36). However, if these contentions are accepted as true for purposes of this motion, they state the following:

Leary commenced his employment with WAFRA on or about February 1, 1999. (Amended Counterclaims ¶ 2) On February 8, 1999, he signed an acknowledgement that he read and understood the terms and conditions contained in the WAFRA employee handbook. (Id. at ¶ 5) Leary signed additional acknowledgements that he read and understood the updated employee handbook on November 26, 2001 and February 22, 2017. (Id. at ¶ 6) The handbook contains a rule prohibiting employees from working while intoxicated. (Id. at ¶ 9) The handbook also prohibits "sending confidential material outside the organization." (Id. at ¶ 11) Throughout his employment Leary forwarded work-related emails to his personal email account. (Id. at ¶ 13) Multiple employees allegedly observed Leary consume alcoholic beverages at business lunches with WAFRA employees and clients. (Id. at ¶ 14) Multiple WAFRA employees also allegedly observed Leary exhibit unspecified unusual and inappropriate behavior during his employment.[5] (Id. at ¶ 15)

On one occasion in 2016, WAFRA employees attending a meeting purportedly observed Leary to be intoxicated. (Id. at ¶ 16) Allegedly during this meeting Leary made threats to the "livelihoods" of WAFRA employees. Id. Defendants contend that in 2017 Leary, smelling of alcohol and appearing to be intoxicated, attended a conference call. (Id. at ¶ 17). One of the

---

[5] Defendants have not provided any specific details (date, time, witnesses, etc.) regarding Leary's alleged unusual and inappropriate behavior.

other WAFRA employees on this conference call allegedly reported Leary's behavior to senior management. Id. WAFRA also contends that on multiple, unspecified occasions WAFRA employees observed that Leary smelled strongly of alcohol and behaved in an unspecified inappropriate fashion. (Id. at ¶ 18)

Defendants assert that, on an unspecified date, WAFRA's Human Resources department informed Leary that being at work while under the influence of alcohol violated the rules of conduct. (Id. at ¶ 19) On August 25, 2017, Leary went to lunch with a colleague where they each consumed two glasses of wine. (Id. at ¶ 20) Upon returning to the office, Leary went to speak to Robyn Padrone ("Padrone") in Human Resources. (Id. at ¶ 21) After their conversation, Padrone allegedly approached Leary, asked him if he had been drinking, and told him to go home. Id. On August 29, 2017, Padrone and Vincent Campagna fired Leary. (Id. at ¶ 24)

## ARGUMENT

### I.   STANDARD OF REVIEW

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts apply the same standard to a defendant's counterclaim as they would to claims in a complaint. See N. Shipping Funds I, L.L.C. v. Icon Capital Corp., No. 12 Civ. 3584(JCF), 2013 WL 1500333, at *2 (S.D.N.Y. Apr. 12, 2013) (citing Cohen v. Stephen Wise Free Synagogue, No. 95 Civ. 1659 (PKL), 1996 WL 159096, at *1 (S.D.N.Y. Apr. 4, 1996)). Thus, the reviewing Court must accept the counterclaim's factual allegations as true and construe them in the light most favorable to the non-moving party. See Seymour's Boatyard, Inc. v. Town of Huntington, No. 08-CV-3248 (JG)(AKT), 2009 WL 1514610, at *3 (E.D.N.Y. June 1, 2009) (citations omitted). Even under that standard, WAFRA's counterclaims fail.

"While detailed factual allegations are not necessary, the pleading must be supported by more than mere labels and conclusions or [ ] formulaic recitation[s] of the elements

of a cause of action." N. Shipping Funds I, L.L.C., 2013 WL 1500333, at *2 (alteration in original) (citations and internal quotation marks omitted); see Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009); Nicholsen v. Feeding Tree Style, Inc., No. 12 Civ. 6236(JPO), 2014 WL 476355, at *1 (S.D.N.Y. Feb. 6, 2014). Indeed, "where a [counterclaim]'s factual allegations permit the court to infer only possibility, instead of plausibility, the [counterclaim] is insufficient." Lopez v. M & G Tapas Rest. Corp., No. 12 Civ. 2203(PAC), 2013 WL 1100792, at *2 (S.D.N.Y. Mar. 18, 2013).

## II. WAFRA DOES NOT PLEAD A CAUSE OF ACTION FOR BREACH OF CONTRACT

In order to plead a cause of action for breach of contract, a counterclaim plaintiff must assert a prima facie case establishing that: 1) a valid contract existed between the counterclaim plaintiff and the counterclaim defendant; 2) counterclaim plaintiff upheld his contractual obligations; 3) counterclaim defendant materially breached the contract; and 4) the counterclaim plaintiff suffered damages as a result of the counterclaim defendant's breach. See Leeber Realty LLC v. Trustco Bank, No. 17-CV-2934 (KMK), 2018 WL 2561030, at *9 (S.D.N.Y. June 4, 2018); Compunnel Software Grp., Inc. v. Gupta, No. 14 Civ. 4790(SAS), 2015 WL 1224298, at *4 (S.D.N.Y. Mar. 17, 2015) ("To make out a breach of contract claim under New York law a plaintiff[ ] must show (1) the existence of an agreement, (2) adequate performance of the contract by the [plaintiff], (3) breach of contract by the [defendant], and (4) damages." (citation and internal quotation marks omitted)).

WAFRA fails to establish: 1) that a valid contract existed with Leary; and 2) that even if a contract existed, which it did not, that WAFRA suffered any damages as a result of Leary's purported breach. Additionally, WAFRA's breach of contract claim is duplicative of its breach of fiduciary duty claim. For these reasons, the counterclaim for breach of contract should be dismissed. Id.

A.   WAFRA Has Failed to Establish the Existence of a Valid Contract

The first element in a breach of contract claim is the existence of a valid contract between the parties. See Leeber Realty, 2018 WL 2561030, at *9. Without more, general or conclusory statements as to the existence of a contract do not establish that the parties in fact intended to enter into a binding agreement. See Compunnel, 2015 WL 1224298, at *4; Fuji Photo Film U.S.A., Inc. v. McNulty, 669 F. Supp. 2d 405, 416 (S.D.N.Y. 2009) (holding that the defendant's counterclaim for breach of contract "fails because the [defendant] neither adequately pled facts showing the making of a contract between [the plaintiff] and [the defendant] nor adequately pled facts showing that [the plaintiff] breached the terms of the contract.").

WAFRA has pled no facts showing that it had a contract with Leary other than alleging that WAFRA's employee handbook establishes a contract between the parties. On that point, "New York law is . . . clear that employment guides or codes of conduct[ ] may not provide the basis for breach of contract claims when they contain language of disclaimer." Diaz v. Transatlantic Reinsurance Co., No. 16 Civ. 1355 (GBD), 2016 WL 3568071, at *6 (S.D.N.Y. June 22, 2016).

As stated above, WAFRA's employee handbook, both online and in print, contains a disclaimer. (See Exhibits 1-2) Accordingly, WAFRA's Employee Handbook cannot form the basis of an employment contract. See CMG Holdings Grp. v. Wagner, No. 15-CV-5814 (JPO), 2016 WL 4688865, at *9 (S.D.N.Y. Sept. 7, 2016) ("[Employee] Handbooks do not constitute binding employment contracts, [where there is an] express disclaimer therein."); Gregory v. Stewart's Shops Corp., No. 7:14-cv-00033, 2017 WL 4326518, at *3 (N.D.N.Y. Sept. 28, 2017) ("explicit disclaimer in the Personnel Manual defeats any claim of a contractual relationship formed by representations in that manual"); Rozenzweig v. ClaimFox, Inc., 251 F. Supp. 3d 449, 457–58 (E.D.N.Y. 2017) ("[the] New York State Court of Appeals has expressly held that a

903507 v6                                          6

disclaimer . . . precludes a finding that there was a contract."); Sullivan v. Harnisch, 19 N.Y.3d 259, 265 (2012); Lobosco, 96 N.Y.2d at 317; Sabetay v. Sterling Drug, Inc., 69 N.Y.S.2d 329, 336 (1987).

Even if the handbook created a contract, which it did not, in the absence of an attached written agreement, a counterclaim must set forth specifically the material terms that were allegedly violated.[6] Without more, WAFRA's conclusory statements regarding the handbook's purported policies are insufficient. See Fink v. Time Warner Cable, 810 F.Supp.2d 633, 644 (S.D.N.Y 2011) ("plaintiff must allege the essential terms in nonconclusory language").

In addition, WAFRA has not cited any purported contracts other than the employee handbooks. WAFRA has not set forth when any other contract was entered into or its material terms. See Grayson v. Ressler & Ressler, 271 F. Supp. 3d 501, 521 (S.D.N.Y. 2017) ("Importantly, a plaintiff must set forth the material terms of the agreement, including the particular terms that were allegedly breached by the defendants." (internal quotation marks omitted) (citing Childers v. New York & Presbyterian Hosp., 36 F. Supp. 3d 392, 312 (S.D.N.Y. 2014))).

B. WAFRA Has Failed to Plead Damages From Leary's Alleged Breach of Contract

WAFRA has also failed to adequately plead how Leary's purported breach of an alleged contract damaged its business. A counterclaim plaintiff asserting breach of contract damages must "assert[ ] . . . facts about how it was damaged." Jinno Int'l Co. v. Premier Fabrics,

---

[6] See Benihana of Tokyo, LLC v. Angelo, Gordon & Co., L.P., 259 F. Supp. 3d 16, 33 (S.D.N.Y. 2017), aff'd, 712 F. App'x 85 (2d Cir. 2018) ("The plaintiff must allege the specific provisions of the contract upon which liability is predicated." (citation omitted)); Chrysler Capital Corp. v. Hilltop Egg Farms, Inc., 514 N.Y.S.2d 1002, 1003 (Sup. Ct. App. Div. 1987); Mandarin Trading Ltd. v. Wildenstein, No. 602648/06, 2007 WL 3101235 (N.Y. Sup. Ct. Sept. 4, 2007), aff'd, 884 N.Y.S.2d 47 (2009), aff'd, 16 N.Y.3d 173 (2011) (holding that "'[a]lthough plaintiff is not required to attach to the complaint a copy of the contract or plead its terms verbatim, it is still required to plead the provisions of the contract upon which the claim is based'" (quoting Griffin Bros. v. Yatto, 415 N.Y.S.2d 114, 114 (Sup. Ct. App. Div. 1979))).

Inc., No. 12 Civ. 07820(LGS), 2013 WL 4780049, at *3 (S.D.N.Y. May 24, 2013). WAFRA's failure to assert facts about how its business was damaged does not meet the pleading requirements. See Khodeir v. Sayyed, 323 F.R.D. 193, 202 (S.D.N.Y. 2017) (dismissing counterclaim where "it does not plausibly show any damage at all that resulted from the alleged violation of the [contract].").

While WAFRA claims that Leary's being drunk and sending personal emails violated his alleged contract with WAFRA, WAFRA does not allege how it was damaged by this purported conduct. See id. ("In the absence of any allegations of fact showing damage, mere allegations of breach of contract are not sufficient to sustain a [claim]." (internal quotation marks and citation omitted)). Accordingly, the breach of contract claim should be dismissed.

    C.    WAFRA's Contract Claim is Duplicative

WAFRA's contract claim is duplicative of its fiduciary duty claim as WAFRA alleges no different misconduct in support of its breach of contract claim. Because the factual allegations for both claims are duplicative (see Amended Counterclaims ¶¶ 9, 11-13, 16-18, 27, 34-35), the breach of contract claim must be dismissed for that reason as well. See Weight v. Day, 20 N.Y.S.3d 640, 808-809 (App. Div. 2015) (plaintiff's breach of contract claims were duplicative of the breach of fiduciary duty claims when the only injurious acts alleged were defendant's failure to manage plaintiff's business properly and defendant's failure to fulfill its duties as trustee of plaintiff's business); Chowaiki & Co. Fine Art v. Lacher, 982 N.Y.S.2d 474, 475 (Sup. Ct. App. Div. 2014) ("[the] motion court properly dismissed plaintiffs' claim for breach of fiduciary duty as duplicative of the breach of contract claim, since the claims are premised upon the same facts and seek identical damages.").

### III. WAFRA FAILS TO ALLEGE CONDUCT THAT BREACHES LEARY'S FIDUCIARY DUTY OF LOYALTY AND GOOD FAITH

#### A. The Counterclaims Allege Only Purported Misconduct That Is Not Actionable

The duty of loyalty and good faith "'has been limited to cases where the employee, acting as the agent of the employer, unfairly competes with his employer, diverts business opportunities to himself or others to the financial detriment of the employer, or accepts improper kickbacks.'" Veritas Capital, 2008 WL 5491146, at *10 (quoting Sullivan & Cromwell LLP v. Charney, No. 600333/2007, 2007 WL 1240437, at *5 (N.Y. Sup. Ct. Apr. 30, 2007)). To avoid a scenario where employers can freely sue employees based on purported performance deficiencies, courts have strictly limited the types of employee or officer behavior that may entitle an employer to damages. Cf. Phansalkar v. Andersen Weinroth & Co., L.P., 344 F.3d 184, 203 (2d Cir. 2003) (finding employee disloyal where he withheld cash that should have been turned over to his employer and disregarded his duty to pass investment opportunities on to his employer, instead using his own capital to take advantage of them).

Therefore, to plead a cause of action for the breach of the duty of loyalty and good faith, an employer must establish: (1) the existence of a fiduciary relationship; (2) disloyal conduct; and (3) damages. See Margrabe v. Sexter & Warmflash, P.C., 353 F. App'x 547, 549 (2d Cir. 2009) (quoting Berman v. Sugo LLC, 580 F. Supp. 2d 191, 204 (S.D.N.Y. 2008)). WAFRA makes no such allegations. See Amended Counterclaims ¶¶ 1-24.

None of the purported misconduct (drinking on the job and simply forwarding work-related emails to his personal email account) constitutes a usurpation of corporate opportunities or otherwise enriched Leary at defendants' expense. See Gortat v. Capala Bros., 585 F. Supp. 2d 372, 377 (E.D.N.Y. 2008) ("[T]he gravamen of fiduciary duty is 'undivided and undiluted loyalty,' barring self-dealing, use of confidential information, and other conflicts of

interest." (quoting Birnbaum v. Birnbaum, 73 N.Y.2d 461, 466 (1989))). As courts have routinely found, "[a]ctionable breaches of such duties usually result in a personal gain to the employee and losses to the employer and are generally premised upon conduct by which profits, business opportunities, the raiding of employees and other assets including confidential and proprietary information of the employer are lost or diverted." Vanacore v. Expedite Video Conferencing Servs., Inc., No. CV 14-6103 (JS)(GRB), 2015 WL 10553221, at *4 (E.D.N.Y. Dec. 10, 2015) (quoting First Mfg. Co. v. Young, No. 067961/2014, 2014 WL 5642445, at *1 (N.Y. Sup. Ct. Nov. 3, 2014)). WAFRA alleges occasional drinking on the job and unspecified "inappropriate behavior," and never even suggests an act of disloyalty to WAFRA. See (Amended Counterclaims ¶¶ 1-36).

In addition, WAFRA has not alleged how, if at all, Leary's purported drinking affected his work. See Rush v. Oppenheimer & Co., 681 F. Supp. 1045, 1055 (S.D.N.Y. 1988) ("The fiduciary obligation . . . is limited to matters relevant to affairs entrusted . . . ." (citing Schenck v. Bear, Stearns & Co., 484 F. Supp. 937, 946-48 (S.D.N.Y. 1979), overruled on other grounds by Conway v. Icahn & Co., 16 F.3d 504, 509 (2d Cir. 1994))). Even taking as true that Leary went to work under the influence of alcohol, an allegation obviously undermined by Leary's successful 18-year tenure, the purported misconduct is nothing more than a contention about performance. Such purported misconduct is not actionable and does not breach the duty of loyalty and good faith. See Gortat, 585 F. Supp. 2d at 376 ("An employer's sole remedy under New York law for an employee's poor performance is termination." (citing Burke v. Steinmann, No. 03 Civ. 1390(GEL), 2004 WL 1117891, at *7 (S.D.N.Y. May 18, 2004))); Kurniawati v. JI Club Corp., No. 12 Civ. 3494(PGG), 2013 WL 1225865, at *2 (S.D.N.Y. Mar. 20, 2013); Farricker, 2010 WL

845983, at *2 ("Under Section 193 [of the New York Labor Law], an employer cannot recover damages based on a lack of performance.").[7]

B. WAFRA Fails to Plead Damages for the Alleged Breach of Fiduciary Duty

WAFRA has also failed to plead what damages it incurred as a result of Leary's alleged breach. Under New York law, "an employer alleging a breach of the common law duty of loyalty against an employee may choose whether to seek damages (1) through an accounting of the disloyal employee's gain (profit disgorgement) or (2) as a calculation of what the employer would have made had the employee not breached his or her duty of loyalty to the employer." Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC, 813 F. Supp. 2d 489, 523 (S.D.N.Y. 2011). WAFRA has not alleged that Leary either personally profited from his alleged breaches or caused WAFRA to lose money as a result of his purported breaches. See id. In fact, WAFRA has not alleged how Leary's purported conduct injured its business, other than saying he violated policies in the employee handbook. (Amended Counterclaims ¶¶ 21-25)

The failure to state how Leary's conduct injured WAFRA falls short of pleading requirements because "[i]t is well settled that proving a breach of fiduciary duty requires a showing of damages." Webb v. Robert Lewis Rosen Assocs., Ltd., No. 03 Civ. 4275(HB), 2003 WL 23018792, at *6 (S.D.N.Y. Dec. 23, 2003) see Sanders v. Madison Square Garden, L.P., No. 06 Civ. 589(GEL), 2007 WL 1933933, at *4 (S.D.N.Y. July 2, 2007) ("[A] traditional breach of fiduciary duty claim . . . requires a showing of actual damages . . . ." (citing Indep. Order of Foresters v. Donald, Lufkin & Jennette, Inc., 157 F.3d 933, 943-44 (2d Cir. 1998))). As a result,

---

[7] Section 193 of the New York Labor Law states in part: "[n]o employer shall make any deduction from the wages . . . except deductions which . . . are expressly authorized in writing by the employee and are for the benefit of the employee . . . [s]uch authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits . . . and similar payments for the benefit of the employee." Farricker, 2010 WL 845983 at *2 (alteration in original).

903507 v6                                                11

WAFRA cannot establish the third element for a breach of the duty of loyalty and good faith claim. See Margrabe, 353 F. App'x at 549 (where the Court affirmed the dismissal of a breach of fiduciary duty claim when the "[plaintiff did] not adequately allege[] damages that were directly caused by the [defendants'] alleged misconduct."). Accordingly, WAFRA's counterclaims must be dismissed.

IV. WAFRA'S COUNTERCLAIMS ARE RETALIATORY

WAFRA's baseless counterclaims are retaliation for Leary's bringing this lawsuit and should be dismissed on that basis. See Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 475 (S.D.N.Y. 2008) (granting summary judgment for plaintiff on defendants' counterclaim for breach of the duty of loyalty, and on plaintiff's retaliation claim based on that counterclaim, because the counterclaim "lack[ed] any factual basis or evidentiary support"). In order to prove a counterclaim is retaliatory under the federal and state equal employment opportunity laws, an individual must show that he or she (1) participated in a protected activity known to the defendant; (2) suffered an adverse action by defendant; and (3) can establish a causal link between the protected activity and the adverse action. See Ozawa v. Orsini Design Assocs., Inc., No. 13-CV-1282 (JPO), 2015 WL 1055902, at *9 (S.D.N.Y. Mar. 11, 2015) (finding plaintiff established a prima-facie case for retaliation where defendant filed a counterclaim for unjust enrichment shortly after plaintiff filed a wage and hour lawsuit).

Leary engaged in protected activity when he raised allegations of bias approximately six weeks before his dismissal, and when he filed this lawsuit. Id. In addition, despite charging in its counterclaims that Leary worked under the influence of alcohol frequently and possibly for an extended period, WAFRA took no action whatsoever until it fired Leary after he complained of discrimination. (Amended Counterclaims ¶¶ 1-24)[8] Given the patent legal

---

[8] Defendants' counterclaims are devoid of actual dates and times of these occurrences.

insufficiency of the counterclaims, WAFRA plainly brought them only to embarrass and humiliate Leary in a public forum. Indeed, even though Leary no longer works for WAFRA, its counterclaims seek nothing more than to "mar[ ] his reputation as a businessman and jeopardize[e] his future business relations." Kreinik v. Showbran Photo, Inc., No. 02Civ.1172(RMB)(DF), 2003 WL 22339268, at *6 (S.D.N.Y. Oct. 14, 2003). Therefore, WAFRA's counterclaims should be dismissed with prejudice.

## CONCLUSION

For these reasons, plaintiff's motion to dismiss should be granted in its entirety.

Dated: New York, New York
       June 22, 2018

VLADECK, RASKIN & CLARK, P.C.

By: _____
Debra L. Raskin
Thomas Bellifemine
Attorneys for Plaintiff
565 Fifth Avenue, 9th Floor
New York, New York 10017
(212) 403-7300
