UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
P. CHRISTOPHER LEARY,

                     Plaintiff,

     - against -

FAWAZ AL-MUBARAKI and WAFRA
INVESTMENT ADVISORY GROUP,
INC.,
                    Defendants.
----------------------------------X

1:18-cv-00048-LTS-HBP

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
## FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

VLADECK, RASKIN & CLARK, P.C.
Attorneys for Plaintiff
565 Fifth Avenue, 9th Floor
New York, New York 10017
(212) 403-7300

Of counsel:
    Debra L. Raskin
    Thomas Bellifemine

959115 v5

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

PROCEDURAL HISTORY ................................................................................................. 1

FACTUAL BACKGROUND ............................................................................................... 2

ARGUMENT ....................................................................................................................... 4

    I.      LEGAL STANDARD ............................................................................................ 4

    II.     PLAINTIFF'S REQUEST FOR AMENDMENT SHOULD BE GRANTED ......... 4

          A.      *Amendment Would Not Be Futile* .............................................................. *4*

                  1.     Defendants Are Not Entitled to Damages for Leary's Alleged Poor Performance ............................................................... 5

                  2.     In the Absence of a Binding Agreement, Defendants' Breach of Contract Counterclaims Are Frivolous ........................................... 6

                  3.     Defendants' Breach of Fiduciary Duty Counterclaims .................... 7

                  4.     Leary Alleges Facts That Support a Finding of Retaliatory Motive ............................................................................................... 8

          B.      Plaintiff Acted Diligently in Requesting Amendment .............................. 10

          C.      Amendment Will Not Cause Prejudice to Defendants ............................. 11

CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Blaskiewicz v. Cty. of Suffolk,
 29 F. Supp. 2d 134 (E.D.N.Y. 1998) ..................................................................................4

Burke v. Steinmann, No. 03 Civ. 1390 (GEL), 2004 WL 1117891
 (S.D.N.Y. May 18, 2004) ....................................................................................................6

Cohen v. Stephen Wise Free Synagogue,
 No. 95 Civ. 1659 (PKL), 1996 WL 159096 (S.D.N.Y. Apr. 4, 1996) .................................6

Delfino v. Herald Square Mkt. Inc.,
 No. 1:17-CV-05407 (KHP), 2018 WL 1918629 (S.D.N.Y. Apr. 23, 2018) .......................4

Delville v. Firmenich Inc.,
 920 F. Supp. 2d 446 (S.D.N.Y. 2013) .................................................................................8

Diaz v. Transatlantic Reinsurance Co.,
 No. 16 Civ. 1355 (GBD), 2016 WL 3568071 (S.D.N.Y. June 22, 2016) ...........................7

Farricker v. Penson Dev., Inc.,
 No. 07 Civ. 11191(DAB), 2010 WL 845983 (S.D.N.Y. Mar. 4, 2010) ..............................6

Fastiggi v. Waterview Hills Nursing Ctr., Inc.,
 6 F. Supp. 2d 242 (S.D.N.Y. 1998) .....................................................................................5

Flores v. Mamma Lombardis of Holbrook, Inc.,
 942 F. Supp. 2d 274 (E.D.N.Y. 2013) ..............................................................................5, 6

Foman v. Davis,
 371 U.S. 178 (1962) .............................................................................................................4

Giscombe v. N.Y.C. Dep't of Educ.,
 39 F. Supp. 3d 396 (S.D.N.Y. 2014) ...................................................................................9

Gortat v. Capala Bros. Inc.,
 585 F. Supp. 2d 372 (E.D.N.Y. 2008) .................................................................................5

Leeber Realty LLC v. Trustco Bank,
 No. 17-CV-2934 (KMK), 2018 WL 2561030 (S.D.N.Y. June 4, 2018) ..........................5, 6

Lubliner v. Helmsley-Spear, Inc.,
 642 N.Y.S.2d 240 (App. Div. 1996) ....................................................................................7

In re Lyman Good Dietary Supplements Litig.,
   No. 17-CV-8047 (VEC), 2018 WL 3733949 (S.D.N.Y. Aug. 6, 2018) ...................................... 4

Maddox v. Fowler,
   No. 5:14-CV-01068 (MAD), 2015 WL 4366222 (N.D.N.Y. July 16, 2015) ......................... 10

Monahan v. N.Y.C. Dept. of Corr.,
   214 F.3d 275 (2d Cir. 2000) .................................................................................................. 4

Penberg v. HealthBridge Mgmt.,
   No. 08 CV 1534 (SJF), 2010 WL 4168618 (E.D.N.Y. Oct. 18, 2010) ................................. 11

Scott v. Chipotle Mexican Grill, Inc.,
   300 F.R.D. 193 (S.D.N.Y. 2014) ......................................................................................... 11

Spencer v. Int'l Shoppes, Inc.,
   902 F. Supp. 2d 287 (E.D.N.Y. 2012) ................................................................................. 10

Sullivan & Cromwell LLP v. Charney,
   No. 600333/2007, 2007 WL 1240437 (N.Y. Sup. Ct. Apr. 30, 2007) .................................... 8

Thompson v. Keane,
   No. 95 Civ. 2442 (SHS) (AJP), 1996 WL 350696 (S.D.N.Y. June 25, 1996) ..................... 11

Torres v. Gristede's Operating Corp.,
   628 F. Supp. 2d 447 (S.D.N.Y. 2008) ................................................................................... 5

Vanacore v. Expedite Video Conferencing Servs., Inc.,
   No. CV 14-6103 (JS)(GRB), 2015 WL 10553221 (E.D.N.Y. Dec. 10, 2015) ...................... 8

Veritas Capital Mgmt. L.L.C. v. Campbell,
   No. 650058/08, 2008 WL 5491146 (N.Y. Sup. Ct. Nov. 24, 2008) ....................................... 8

Walsh v. Automatic Sys. Developers, Inc.,
   515 N.Y.S.2d 586 (App. Div. 1987) ..................................................................................... 7

Zann Kwan v. Andalex Grp. LLC,
   737 F.3d 834 (2d Cir. 2013) .................................................................................................. 9

**Statutes**

Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ................................................ 1,2

Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ............................................... 1, 2, 4, 10

Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ........................................................... 1, 2

Investment Advisor's Act of 1940, 15 U.S.C. § 80b-4a ................................................................. 10

| | |
|---|---|
| New York City Human Rights Law, N.Y.C. Administrative Code, § 8-101 et seq. | 1 |
| New York Labor Law § 193 | 5, 6 |
| New York State Human Rights Law, Executive Law § 296 et seq. | 1 |

**Other Authorities**

| | |
|---|---|
| 17 C.F.R. § 275.206(4)-7 | 10 |
| Fed. R. Civ. P. 15 | 4 |

## PRELIMINARY STATEMENT

Plaintiff P. Christopher Leary ("Leary" or "plaintiff") respectfully submits this memorandum of law in support of his motion for leave to file a second amended complaint against defendants Fawaz Al-Mubaraki ("Al-Mubaraki") and WAFRA Investment Advisory Group, Inc. ("WAFRA") (now d/b/a WAFRA, Inc.) (collectively "defendants"). The first proposed amendment, on consent, would add claims for discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA") that recently fulfilled the 180-day administrative exhaustion period at the Equal Employment Opportunity Commission ("EEOC"). The second proposed amendment, not on consent, would add claims of retaliation based on defendants filing frivolous counterclaims in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (the "ADEA"); the ADA; the New York State Human Rights Law, Executive Law § 296 et seq. (the "State Law"); and the New York City Human Rights Law, N.Y.C. Administrative Code, § 8-101 et seq. (the "City Law").[1]

## PROCEDURAL HISTORY

Plaintiff commenced this action on January 3, 2018 alleging interference and retaliation under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"), and age and disability discrimination and retaliation under the State and City laws. (See Plaintiff's Complaint, ECF No. 1, January 3, 2018) On March 13, 2018 plaintiff amended his complaint, on consent, to add claims of age discrimination and retaliation under the ADEA after the shorter 60-day ADEA administrative exhaustion period at the EEOC had run. (See Plaintiff's Amended Complaint, ECF No. 11, March 13, 2018 (hereinafter "Amend. Comp.")) On June 8, 2018 defendants filed their Answer to the Amended Complaint with Amended Counterclaims. (See

---

[1] A copy of the proposed Second Amended Complaint is attached as Exhibit 6 to the Declaration of Debra L. Raskin ("Raskin Declaration").

959115 v5

Defendants' Answer to the Amended Complaint with Amended Counterclaims, ECF No. 24, June 8, 2018 (hereinafter "Amend. Counterclaims"))

On August 10, 2018, the plaintiff received a Right to Sue Letter from the EEOC confirming exhaustion of his ADA claims. (See Exhibit 1 to Raskin Declaration) Plaintiff now seeks leave to add claims of discrimination and retaliation under the ADA on consent (see Exhibit 2 to Raskin Declaration), and claims of retaliation, not on consent, under the ADEA, ADA, State and City laws in response to defendants' meritless counterclaims.

## FACTUAL BACKGROUND

Leary is a 58-year-old investment professional who has worked in the investment industry for over 35 years. For 18 years he worked successfully at WAFRA, a global investment firm with approximately $20 billion in assets under management. Al-Mubaraki is the Chief Executive Officer and Chief Investment Officer of WAFRA. WAFRA is wholly owned by the Public Institution for Social Security of Kuwait and manages the investments of the Kuwaiti social security fund, and of other Kuwaiti clients, as well as WAFRA's own investments. On August 29, 2017, defendants fired Leary after 18 years of service. (See Amend. Comp. ¶¶ 4-10)

While defendants claim they fired Leary because of his poor performance, misuse of WAFRA's email system, and alleged intoxication, those reasons are pretextual, proffered to mask defendants' discriminatory treatment because of Leary's age, disability and having taken FMLA leave. Despite Leary's consistent performance, for which he received a raise and bonus just six months before he was fired, Al-Mubaraki stripped Leary of many responsibilities while he was on FMLA leave from June 11, 2016 to September 12, 2016, giving them to a younger, less qualified employee. (See Amend. Comp. ¶¶ 25-32) Al-Mubaraki also tried to demote Leary and move him into a hands-off, off-site advisory position upon his return from FMLA leave, telling Leary that he was doing all of this because of Leary's age and "health problems." (See Amend.

Comp. ¶ 34) Bizarrely, the same day Al-Mubaraki told Leary he was too old and should not come to work every day because of his health problems, Al-Mubaraki sent Leary an email commending him for his efforts in finding investment opportunities for WAFRA. (See Exhibit 3 to Raskin Declaration)[2] The laudatory email came only approximately six weeks before WAFRA fired Leary.

To veil their discrimination, defendants allege that on August 25, 2017 Leary returned to work drunk following lunch with a colleague. (See Amend. Counterclaims ¶¶ 20-21) However, Leary consumed only two glasses of wine over the course of a two-hour business lunch. To further support their fiction, defendants fabricated a narrative that Leary had a documented history of abusing alcohol while at work. (See id. at ¶¶ 14-22) Yet defendants have produced only one piece of paper on that issue – a memo purportedly documenting the lunch incident used to justify Leary's firing.

In an attempt to legitimize their unlawful conduct, defendants filed counterclaims for breach of contract and fiduciary duty based on Leary's alleged intoxication and purported misuse of WAFRA's corporate systems by emailing materials to his home computer. (See id. at ¶¶ 1-24) These claims, however, are plainly retaliatory as they not only fail as a matter of law[3] but were not asserted in any context until after Leary brought this lawsuit. Leary's motion to dismiss these counterclaims is still pending. Leary therefore should be granted leave to file an amended complaint adding claims of retaliation for the filing of these frivolous counterclaims.

---

[2] Leary has not been able to locate the page containing the remainder of the first e-mail message of this chain, located on the bottom of page two.

[3] See Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Dismiss Defendants' Amended Counterclaims, ECF No. 26, June 22, 2018 (hereinafter "Pl. Mem."); Plaintiff's Reply Memorandum of Law in Further Support of Plaintiff's Motion to Dismiss Defendants' Amended Counterclaims, ECF No. 31, August 7, 2018 (hereinafter "Pl. Reply Mem.")

ARGUMENT

I.  LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a party may amend his pleadings by leave of the court and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a); see Foman v. Davis, 371 U.S. 178, 182 (1962). "Leave to amend should be given 'absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility.'" Delfino v. Herald Square Mkt. Inc., No. 1:17-CV-05407 (KHP), 2018 WL 1918629, at *2 (S.D.N.Y. Apr. 23, 2018) (quoting Monahan v. N.Y.C. Dept. of Corr., 214 F.3d 275, 283 (2d Cir. 2000)). Indeed, "[t]he party opposing such amendment has the burden of establishing that leave to amend would be prejudicial or futile." Blaskiewicz v. Cty. of Suffolk, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998).

II. PLAINTIFF'S REQUEST FOR AMENDMENT SHOULD BE GRANTED

Plaintiff respectfully requests leave to file an amended complaint adding claims under the ADA, on consent and requiring no additional factual allegations, and adding claims of retaliation, not on consent and requiring limited additional factual material, for defendants' retaliatory counterclaims. Because plaintiff can establish that he has met the requirements of Rule 15, his motion for leave to amend should be granted.

   A.  Amendment Would Not Be Futile

A proposed amendment is futile where it "cannot itself survive a motion to dismiss." In re Lyman Good Dietary Supplements Litig., No. 17-CV-8047 (VEC), 2018 WL 3733949, at *12 (S.D.N.Y. Aug. 6, 2018) (partially granting plaintiff's motion for leave to amend). Plaintiff, in contrast, has put forth sufficient facts to make out a prima facie case for each cause of action. (See Amended Complaint ¶¶ 18-42) Thus, amending plaintiff's complaint to add his ADA claims would not be futile as the facts supporting these claims mirror plaintiff's State and City law disability bias

claims previously filed. See Fastiggi v. Waterview Hills Nursing Ctr., Inc., 6 F. Supp. 2d 242, 243 (S.D.N.Y. 1998) (finding amendments not futile where new claims "rel[y] on the same facts as the original complaint"). Similarly, adding retaliation claims for defendants' counterclaims would not be futile because defendants' counterclaims are contrary to well-established law[4] and the facts support a finding of retaliatory motive. See Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 470, 475 (S.D.N.Y. 2008) (finding defendants' counterclaims retaliatory where they were "insufficient as a matter of law" and "lack any factual basis or evidentiary support").[5]

1. Defendants Are Not Entitled to Damages for Leary's Alleged Poor Performance

Because defendants are not entitled to damages for plaintiff's alleged poor performance, their counterclaims for breach of contract and of fiduciary duty are meritless on their face.[6] Accordingly, a retaliatory motive can be inferred and thus the amendment to add retaliation claims on that issue is far from futile. See Torres, 628 F. Supp 2d at 470; Pl. Mem. 7-8; Pl. Reply Mem. 2.

New York courts have repeatedly held that the New York Labor Law § 193 limits

---

[4] See Plaintiff's Mem. of Law in Support of Plaintiff's Motion to Dismiss Defendants' Amended Counterclaims, ECF No. 26, June 22, 2018 and Plaintiff's Reply Mem. of Law in Further Support of Plaintiff's Motion to Dismiss Defendants' Amended Counterclaims, ECF No. 31, August 7, 2018 for full analysis of why defendants' counterclaims should be dismissed.

[5] See Flores v. Mamma Lombardis of Holbrook, Inc., 942 F. Supp. 2d 274, 279 (E.D.N.Y. 2013) (granting plaintiff's motion for leave to file amended complaint adding claim of retaliation because the "filing of a baseless pleading can . . . constitute [an] adverse employment action sufficient to state a claim for retaliation").

[6] See Leeber Realty LLC v. Trustco Bank, No. 17-CV-2934 (KMK), 2018 WL 2561030, at *9 (S.D.N.Y. June 4, 2018) (breach of contract counterclaim requires a showing that: 1) a valid contract existed between the counterclaim plaintiff and the counterclaim defendant; 2) counterclaim plaintiff upheld his contractual obligations; 3) counterclaim defendant materially breached the contract; and 4) the counterclaim plaintiff suffered damages as a result of the counterclaim defendant's breach).

an employer's remedy for poor performance to termination. See Gortat v. Capala Bros. Inc., 585 F. Supp. 2d 372, 376 (E.D.N.Y. 2008) ("An employer's sole remedy under New York law for an employee's poor performance is termination." (citing Burke v. Steinmann, No. 03 Civ. 1390 (GEL), 2004 WL 1117891, at *7 (S.D.N.Y. May 18, 2004))). The only injury which defendants claim resulted from Leary's alleged poor performance. (See Defendants' Mem. of Law in Opposition to Motion to Dismiss Amended Counterclaims, ECF No. 29, on July 20, 2018, ¶ 10 (hereinafter "Def. Mem.") (defendants' claim for damages "connects . . . to Leary's conduct by alleging that Leary's conduct contributed to declining performance."))

Thus, defendants are not entitled to damages and their breach of contract counterclaims therefore fail as a matter of law. See Cohen v. Stephen Wise Free Synagogue, No. 95 Civ. 1659 (PKL), 1996 WL 159096, at *3 (S.D.N.Y. Apr. 4, 1996) (dismissing employer's counterclaims "premised on defendant's assertion that plaintiff's poor job performance caused financial harm to defendant"); Farricker v. Penson Dev., Inc., No. 07 Civ. 11191(DAB), 2010 WL 845983, at *2 (S.D.N.Y. Mar. 4, 2010) ("Under Section 193 [of the New York Labor Law], an employer cannot recover damages based on a lack of performance").[7] Moreover, the counterclaims that fail as a matter of law can be found to be retaliatory. See Flores, 942 F. Supp. 2d at 279.

    2.    In the Absence of a Binding Agreement, Defendants' Breach of Contract Counterclaims Are Frivolous

Defendants' contract counterclaims also fail as a matter of law because no valid contract bound Leary and defendants at the time of Leary's purported misconduct. See Leeber

---

[7] Section 193 of the New York Labor Law states in part: "[n]o employer shall make any deduction from the wages . . . except deductions which . . . are expressly authorized in writing by the employee and are for the benefit of the employee . . . [s]uch authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits . . . and similar payments for the benefit of the employee." Farricker, 2010 WL 845983, at *2 (alteration in original).

Realty LLC, 2018 WL 2561030, at *9. Defendants' reliance on WAFRA's employee handbook is wrong (see Amend. Counterclaims ¶¶ 3-11; Def. Mem. 6-8) as the law in New York is clear: "employment guides or codes of conduct[ ] may not provide the basis for breach of contract claims when they contain language of disclaimer." Diaz v. Transatlantic Reinsurance Co., No. 16 Civ. 1355 (GBD), 2016 WL 3568071, at *6 (S.D.N.Y. June 22, 2016). WAFRA's employee handbook has a clear disclaimer warning that it does not constitute a binding contract and thus cannot support a claim of breach of contract.[8]

Additionally, any contract claims based on Leary's initial offer letter are meritless (see Def. Mem. 7) because any contract resulting from that offer letter expired once Leary accepted his promotion to Head of Securities in 1999. See Lubliner v. Helmsley-Spear, Inc., 642 N.Y.S.2d 240, 241 (App. Div. 1996) ("It is settled that where an employee under contract agrees to change positions, the previous employment contract comes to an end and a new relationship is formed . . . ."); Walsh v. Automatic Sys. Developers, Inc., 515 N.Y.S.2d 586, 587 (App. Div. 1987) (holding that where employee was promoted, "upon the [employee's] agreement to change positions, the previous employment contract came to an end, and a new one took its place"). Again, the lack of merit of defendants' counterclaims underscores their retaliatory nature, making an amendment to add retaliation claims proper.

3. Defendants' Breach of Fiduciary Duty Counterclaims

Defendants' breach of fiduciary duty counterclaims also fail because defendants

---

[8] The 2017 handbook states in bold, capital letters: "**THIS EMPLOYEE HANDBOOK SHOULD NOT BE CONSTRUED AS, AND DOES NOT CONSTITUTE, A CONTRACT OF EMPLOYMENT, EITHER EXPRESS OR IMPLIED, OR A GUARANTEE OF EMPLOYMENT FOR ANY SPECIFIC DURATION. YOUR EMPLOYMENT WITH WAFRA IS AT-WILL AND CAN BE TERMINATED BY EITHER YOU OR WAFRA AT ANY TIME, WITH OR WITHOUT CAUSE AND WITH OR WITHOUT ADVANCE NOTICE, FOR ANY REASON NOT EXPRESSLY PROHIBITED BY APPLICABLE LAW.**" (See Exhibit 4 to Raskin Declaration)

have not alleged any misconduct that violated Leary's fiduciary duty to WAFRA. Claims for breach of fiduciary duty have "'been limited to cases where the employee, acting as the agent of the employer, unfairly competes with his employer, diverts business opportunities to himself or others to the financial detriment of the employer, or accepts improper kickbacks.'" Veritas Capital Mgmt. L.L.C. v. Campbell, No. 650058/08, 2008 WL 5491146, at *10-11 (N.Y. Sup. Ct. Nov. 24, 2008) (quoting Sullivan & Cromwell LLP v. Charney, No. 600333/2007, 2007 WL 1240437, at *5 (N.Y. Sup. Ct. Apr. 30, 2007)); see Vanacore v. Expedite Video Conferencing Servs., Inc., No. CV 14-6103 (JS)(GRB), 2015 WL 10553221, at *4 (E.D.N.Y. Dec. 10, 2015). Allegations of intoxication in the workplace do not constitute actionable claims that Leary usurped a corporate opportunity or otherwise profited at WAFRA's expense. See Veritas Capital, 2008 WL 5491146, at *10-11.

Similarly, defendants' claims for breach of fiduciary duty stemming from Leary's alleged personal use of WAFRA's email system also fail because defendants have not pled any facts to show that Leary intended to or did use any confidential information outside the organization for his personal gain. See Delville v. Firmenich Inc., 920 F. Supp. 2d 446, 469–70 (S.D.N.Y. 2013) ("Defendant . . . has presented no evidence that [defendant's] confidential or proprietary information was used by [plaintiff] to benefit his subsequent employers. Thus, [d]efendant's duty of loyalty claim fails as a matter of law.") Like the breach of contract counterclaims, the breach of fiduciary duty claims are frivolous and therefore retaliatory on their face.

4. Leary Alleges Facts That Support a Finding of Retaliatory Motive

The facts also support plaintiff's contention that defendants acted with a retaliatory motive in filing their counterclaims. Plaintiff's alleged intoxication and purported personal use of his work email were never issues until plaintiff complained of discrimination and retaliation and

filed this lawsuit. Defendants allege that, since Leary purportedly appeared intoxicated at work and misused WAFRA's email system, this alleged misconduct was widely known. (See Amend. Counterclaims ¶ 13 ("During the time Mr. Leary was employed at WAFRA, multiple WAFRA employees observed Mr. Leary consume alcoholic beverages during the workday, including at business lunches with WAFRA employees and clients."); ¶ 14 ("[Leary] regularly forwarded work-related emails containing WAFRA's confidential, proprietary information . . . from his WAFRA email account to his own personal email account."). Indeed, WAFRA further admits that "[m]ultiple WAFRA employees . . . reported their observations of Mr. Leary's intoxication and related inappropriate workplace behavior to members of WAFRA's senior management." (See id. at ¶ 18)

However, these purported events, which in fact never happened, were not documented. The only report of misconduct that defendants have produced is Robyn Padrone's memo dated August 25, 2017 purportedly justifying Leary's firing several days later. (See Exhibit 5 to Raskin Declaration) The absence of any record of these issues contradicts defendants' insistence that Leary's misconduct was widely known and reported. That inconsistency alone permits an inference that the allegations are a pretext for retaliation. See Giscombe v. N.Y.C. Dep't of Educ., 39 F. Supp. 3d 396, 403–04 (S.D.N.Y. 2014) ("A plaintiff may show pretext by illuminating . . . weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered reasons that would raise doubt in the factfinder's mind that the employer did not act for those reasons.").

Additionally, even if multiple employees repeatedly reported Leary's alleged misconduct, which they did not, and WAFRA waited to fire him until three weeks after he complained about age and disability discrimination, retaliation can be inferred. See Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 845 (2d Cir. 2013) (holding that "a plaintiff can indirectly

establish a causal connection to support a . . . retaliation claim by showing that the protected activity was closely followed in time by the adverse [employment] action[,]" and that three weeks was a "sufficiently short" period.); Amended Counterclaims ¶¶ 16, 24. WAFRA also failed to raise the issue of Leary sending emails to his personal account until after he filed a lawsuit, even though WAFRA knew or should have known of this alleged misconduct given its obligations under the Investment Advisor's Act of 1940 to monitor employee emails for misappropriation of confidential information.[9] These delays evidence further defendants' retaliatory intent in bringing these counterclaims, making plaintiff's proposed amendment proper. See Spencer v. Int'l Shoppes, Inc., 902 F. Supp. 2d 287, 297 (E.D.N.Y. 2012) (Where defendants waited two years after their claims accrued to file suit, the Court found that "the timing of defendant's counterclaim and related demands on plaintiff . . . raised a triable issue of fact regarding whether defendant added its counterclaim with retaliatory intent.").

    B.    <u>Plaintiff Acted Diligently in Requesting Amendment</u>

Plaintiff acted diligently in moving to amend. Plaintiff proceeded as soon as possible after receiving his Right to Sue Letter from the EEOC. At the commencement of this matter, plaintiff provided the Court and defendants notice that he would wait to move for leave to file the proposed amended complaint until after he exhausted the administrative requirements of the ADA claims. Accordingly, no undue delay has occurred. See Maddox v. Fowler, No. 5:14-CV-01068 (MAD), 2015 WL 4366222, at *6 (N.D.N.Y. July 16, 2015) (granting leave to amend

---

[9] See Investment Advisor's Act of 1940, 15 U.S.C. § 80b-4a ("Every investment adviser subject to [this act] shall establish, maintain, and enforce written policies and procedures reasonably designed . . . to prevent the misuse . . . of material, nonpublic information by such investment adviser or any person associated with such investment adviser."); see also 17 C.F.R. § 275.206(4)-7 ("[I]t shall be unlawful . . . for you to provide investment advice to clients unless you . . . [r]eview, no less frequently than annually, the adequacy of the policies and procedures established pursuant to this section and the effectiveness of their implementation.").

where there was a two-month delay "because the motion to amend ha[d] been made relatively early in the proceedings."); Thompson v. Keane, No. 95 Civ. 2442 (SHS) (AJP), 1996 WL 350696, at *1 (S.D.N.Y. June 25, 1996) (granting leave to file amended complaint where defendants failed to show that plaintiff "acted in bad faith or with a dilatory motive" even though discovery was already closed).

Similarly, the opposed portion of the amendments concerns defendants' recent filing of counterclaims. Accordingly, there is no delay that would justify denial of the proposed amendments.

C. Amendment Will Not Cause Prejudice to Defendants

The amendment will not unfairly prejudice defendants. The degree of prejudice depends on whether the amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Penberg v. HealthBridge Mgmt., No. 08 CV 1534 (SJF), 2010 WL 4168618, at *5 n.13 (E.D.N.Y. Oct. 18, 2010) (granting plaintiff leave to amend complaint to add claim of retaliation based on defendant's counterclaim). Courts do not generally find prejudice where "discovery has not yet concluded." Scott v. Chipotle Mexican Grill, Inc., 300 F.R.D. 193, 200 (S.D.N.Y. 2014) (granting leave to amend where "discovery has barely begun"). Here, the parties are at the beginning of discovery as defendants' document production is starting and no depositions have been conducted.

At this early stage in the proceeding, defendants will not be unfairly prejudiced by the amendment. Plaintiff's amendment alleges new facts to the extent necessary to establish that defendants filed frivolous counterclaims, facts already well known to WAFRA. No additional discovery will be required to prove the meritless and retaliatory nature of defendants'

counterclaims as WAFRA relies on the same allegations for their defense as they do for their counterclaims. (See Defendant's Answer, 12 – Tenth Affirmative Defense)

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to file a second amended complaint should be granted in its entirety.

Dated: New York, New York
August 31, 2018

VLADECK, RASKIN & CLARK, P.C.

By: _____
Debra L. Raskin
Thomas Bellifemine
Attorneys for Plaintiff
565 Fifth Avenue, 9th Floor
New York, New York 10017
(212) 403-7300