UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
P. CHRISTOPHER LEARY,

                     Plaintiff(s),         Case No. 1:18-cv-00048-LTS-HBP

        -against-

WAFRA INVESTMENT ADVISORY GROUP,
INC. and FAWAZ AL-MUKARAKI,

                     Defendant(s)

------------------------------------------------------------x

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

                                                         VLADECK, RASKIN & CLARK, P.C.
                                                         Attorneys for Plaintiff
                                                         565 Fifth Avenue, 9th Floor
                                                         New York, New York 10017
                                                         (212) 403-7300

Of Counsel:
       Debra L. Raskin
       Thomas Bellifemine
       Tavi Unger

1033402 v1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................... ii

TABLE OF CONTENTS

I. THE AGREEMENT AUTHORIZES VENUE IN THIS COURT ......................... 1

II. THE COUNTERCLAIMS ALLEGE MISCONDUCT SUBJECT TO
ADVANCEMENT ................................................................................................. 4

III. LEARY REASONABLY BELIEVED THE ALLEGED MISCONDUCT
WAS NOT OPPOSED TO WAFRA'S INTERESTS ............................................ 7

IV. LEARY IS ENTITLED TO FEES AND COSTS OF THIS MOTION ................. 7

V. LEARY HAS NOT UNDULY DELAYED IN FILING THIS MOTION ............ 8

CONCLUSION ............................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

AM Gen. Holdings LLC v. Remco Grp., Inc.,
   No. 7639-VCN, 2012 WL 6681994 (Del. Ch. Dec. 21, 2012) ................................................. 2

Anwar v Fairfield Greenwich Ltd.,
   742 F. Supp. 2d 367 (S.D.N.Y. 2010) ..................................................................................... 2

Atl. Marine Construct. Co v. U.S. Dist. Court for W. Dist. of Texas,
   571 U.S 49 (2013) ................................................................................................................... 2

Barrett v. Am. Country Holdings,
   951 A.2d 735 (Del. Ch. 2008) ................................................................................................. 8

Bernstein v. TractManager, Inc.,
   953 A.2d 1003 (Del. Ch. 2007) ............................................................................................... 6

Bobcat N. America, LLC v. Inland Waste Holdings, LLC,
   No. N17C-06-170 PRW CCLD, 2019 WL 1877400 (Del. Super. Ct. April 26,
   2019) ....................................................................................................................................... 2

Charney v. Am. Apparel, Inc.,
   No. 11098-CB, 2015 WL 5313769 (Del. Ch. Sept. 11, 2015) ................................................ 6

Cresswell v. Sullivan & Cromwell,
   922 F.2d 60 (2d Cir. 1990) ...................................................................................................... 9

Duling v. Gristede's Operating Corp.,
   265 F.R.D. 91 (S.D.N.Y. 2010) ............................................................................................. 10

Empire Merchants, LLC v. Merinoff,
   No. 16-Civ.-9590 (JMF), 2018 WL 317848 (S.D.N.Y. Jan. 5, 2018) ..................................... 9

Ephrat v. MedCPU, Inc.,
   No. 2018-0852-MTZ, 2019 WL 2613281 (Del. Ch. June 26, 2019) .................................. 5, 6

Gurvey v. Cowan, Liebowitz & Latman, P.C.,
   No. 06 Civ. 1202 LGS HBP, 2013 WL 3718071 (S.D.N.Y. July 15, 2013) ........................... 9

Hernandez v. BMNY Contracting Corp.,
   No. 17 Civ. 9375 (GBD), 2019 WL 418498 (S.D.N.Y. Jan. 17, 2019) ................................... 9

Homestore, Inc. v. Tafeen,
   888 A.2d 204 (Del. 2005) .................................................................................................... 4, 7

Learning Care Grp., Inc. v. Carlene Armetta,
    No. 3:13-CV-1540 VAB, 2015 WL 4041401 (D. Conn. July 1, 2015).................................9

Marino v. Patriot Rail Co.,
    131 A.3d 325 (Del. Ch. 2016)..........................................................................................6

McWane, Inc. v. Lanier,
    No. 9488-VCP, 2015 WL 399582 (Del. Ch. Jan. 30, 2015) (Def. Br. 8) .......................3

Mestizo v. H2 Candy & Nuts, Inc.,
    No. 17 Civ. 8519 (NSR)(LMS), 2019 WL 2209203 (S.D.N.Y. May 21, 2019) ............9

Midamines SPRL Ltd. V. KBC Bank NV,
    No. 12 Civ. 8089 (RJS), 2014 WL 1116875 (S.D.N.Y. Mar. 18, 2014), aff'd,
    601 F. App'x 43 (2d Cir. 2015)........................................................................................4

Mooney v. Echo Therapeutics, Inc.,
    C.A. No. 10054-VCP, 2015 WL 3413272 (Del. Ch. May 28, 2015) ..........................6, 9

Nat'l Union Fire Ins. Co. v. Trustwave Holdings, Inc.,
    No. 14C-10-160 MMJ, 2016 WL 2354621 (Del. Super. Ct. May 3, 2016)....................4

O'Brien v. Progressive N. Ins. Co.,
    785 A.2d 281 (Del. 2001) ................................................................................................2

Pasternack v. Shrader,
    863 F.3d 162 (2d Cir. 2017)..........................................................................................10

Pearlstein v. BlackBerry Ltd.,
    No. 13-Civ.-7060 (TPG), 2017 WL 4082306 (S.D.N.Y. Sept. 13, 2017) .....................9

Perconti v. Thornton Oil Corp.,
    No. Civ. A. 18630-NC, 2002 WL 982419 (Del. Super. Ct. May 3, 2002) ....................7

Phillips v. Audio Active Ltd.,
    494 F.3d 378 (2d Cir. 2007)............................................................................................2

Prestancia Mgt. Grp., Inc. v. Virginia Heritage Found., II LLC,
    No. Civ. A 1032-S, 2005 WL 1364616 (Del. Ch. May 27, 2005)..................................2

Rachman Bag Co. v. Liberty Mut. Ins. Co.,
    46 F.3d 230 (2d Cir. 1995)............................................................................................10

Reddy v. Electronic Data Sys. Corp.,
    No. Civ. A 19467, 2002 WL 1358761 (Del. Ch. June 18, 2002) ..................................8

Ridder v. CityFed Fin. Corp.,
    47 F.3d 85 (3d Cir. 1995)................................................................................................6

Stifel Fin. Corp. v. Cochran,
  809 A.2d 555 (Del. 2002) ......................................................................................................6

Sun-Times Media Grp. v. Black,
  954 A.2d 380 (Del. Ch. 2008) ...............................................................................................8

Town of Georgetown v. David A. Bramble, Inc.,
  No. 15-554-LPS, 2017 WL 3335757 (D. Del. Aug. 2, 2017) ................................................4

Weaver v. ZeniMax Media Inc.,
  No. Civ. A 20439-NC, 2004 WL 243163 (Del. Ch. Jan. 30, 2004) ......................................6

Weil v. VEREIT Operating P'ship, L.P.,
  No. 2017-0613-JTL, 2018 WL 834428 (Del. Ch. Feb. 13, 2018) .........................................8

**Statutes**

Delaware General Corporations Law Section 145 .........................................................................8

**Other Authorities**

Fed. R. Civ. P. 9(b) .........................................................................................................................9

Plaintiff P. Christopher Leary ("Leary" or "plaintiff") respectfully submits this reply memorandum in support of his motion for leave to file a Third Amended Complaint[1] against defendants Fawaz Al-Mubaraki ("Al-Mubaraki") and WAFRA Investment Advisory Group, Inc. ("WAFRA" or the "Company") (now d/b/a WAFRA, Inc.) (collectively "defendants"). Contrary to WAFRA's contentions, Leary, pursuant to his contract with WAFRA (the "Agreement," ECF 91, Ex. 1), is entitled to advancement and indemnification of his expenses for defending against the retaliatory counterclaims WAFRA has asserted.[2] Those claims for advancement and indemnification for litigation of the counterclaims are properly before this Court; the counterclaims allege misconduct in Leary's corporate status; and the request to amend the complaint to add claims pursuant to the Agreement is timely.

I. THE AGREEMENT AUTHORIZES VENUE IN THIS COURT

Wafra erroneously argues that pursuant to Section 19, all actions under the Agreement must be brought in the Delaware Chancery Court. (Def. Br. 6-9) Wafra improperly ignores the most basic principles of contract construction and reduces to a nullity the explicit alternative venue provision of Section 7(a) of the Agreement. Wafra ascribes an impermissibly contorted meaning to avoid Section 7(a)'s mandate that the party seeking relief under that provision "<u>shall</u> be entitled to an adjudication in an appropriate court of the State of Delaware, <u>or</u>

---

[1] As described in more detail in the Reply Declaration of Debra L. Raskin ("Raskin Reply Dec."), certain claims in the proposed Second Amended Complaint that is subject to a pending motion (ECF 33) were inadvertently omitted from the proposed Third Amended Complaint that was attached as Exhibit 1 to ECF 90. A corrected proposed Third Amended Complaint is attached as Exhibit 2 to Raskin Reply Aff. As defendants note, Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File a Third Amended Complaint ("Def. Br. 4"), no new factual allegations are at issue in the proposed Third Amended Complaint.

[2] Plaintiff's motion to dismiss those counterclaims as constituting unlawful retaliation is pending. (ECF 25; <u>see</u> Raskin Reply Dec. ¶ 2)

in any other court of competent jurisdiction." (Emphasis added) Lest there be any doubt about this authorization of venue, Section 7(a) concludes: "The Company shall not oppose Indemnitee's right to seek any such adjudication."[3]

The venue provision of Section 7(a) is limited to five specific claims including two that Leary raises here: that "advancement of expenses [wa]s not timely made pursuant to Section 5 of this Agreement" (Section 7(a)(ii)) and that "a determination [wa]s made pursuant to Section 6 of this Agreement that Indemnitee [wa]s not entitled to indemnification under this Agreement." (Section 7(a)(i)) Wafra does not dispute that those are the claims at issue but offers a nonsensical reading in a vain effort to defeat the clear venue provision. Wafra argues that the Agreement's authorization of those Section 7(a) claims in "the courts of State of Delaware or any court of competent jurisdiction" "merely gives Leary the right to seek an adjudication of his indemnification rights in court and allows him to bring his claim in Delaware." (Def. Br. 8) That reading — limiting Section 7(a) claims to Delaware courts — makes the reference to "any court of competent jurisdiction" surplusage, a tortured construction precluded by Delaware contract law.[4] Wafra impermissibly gives a meaningless reading to an unambiguous provision for venue

---

[3] Given the Agreement's two distinct venue provisions, Wafra's central argument on forum selection fails; defendants' primary citations (Def. Br. 6-7) concern contracts with a single venue provision. See Atl. Marine Construct. Co v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S 49, 53 (2013) (transfer between two federal District Courts pursuant to 28 U.S.C. § 1404); Phillips v. Audio Active Ltd., 494 F.3d 378, 82 (2d Cir. 2007); Anwar v Fairfield Greenwich Ltd., 742 F. Supp. 2d 367 (S.D.N.Y. 2010); Prestancia Mgt. Grp., Inc. v. Virginia Heritage Found., II LLC, No. Civ. A 1032-S, 2005 WL 1364616 (Del. Ch. May 27, 2005) (venue provision in security agreement).

[4] See Bobcat N. America, LLC v. Inland Waste Holdings, LLC, No. N17C-06-170 PRW CCLD, 2019 WL 1877400, at *12 & n.101 (Del. Super. Ct. Apr. 26, 2019) ("[C]ontract construction resulting in superfluous verbiage is strongly disfavored.") Wafra's citations (Def. Br. 8-9), similarly preclude reading out of the Agreement the venue grant to courts of competent jurisdiction. See AM Gen. Holdings LLC v. Remco Grp., Inc., No. 7639-VCN, 2012 WL 6681994, at *5 (Del. Ch. Dec. 21, 2012) (depriving party of an appraisal proceeding makes contract provision meaningless); O'Brien v. Progressive N. Ins. Co., 785 A.2d 281, 287 (Del. 2001)

in other jurisdictions.[5]

Contrary to Wafra's contention (Def. Br. 8), effectuating the specific venue for Section 7(a) claims does not render Section 19 meaningless. Rather, the broader Section 19 provision applies to disputes not included in the five claims Section 7(a) specifies. Thus, Section 19 venue would be applicable if, among other issues, Wafra contended indemnification precluded Leary's other legal rights (Section 8(a)); if Wafra did not follow changes in Delaware law that accorded Leary greater rights (Section 8(a)); if Wafra denied indemnification because Leary changed roles into a non-covered status (Section 10); or if Wafra deducted too much from Leary's entitlement under the Agreement because other sources also paid Leary. (Section 8(e)) Such claims would have to be litigated in the Delaware Chancery Court pursuant to Section 19.

The logic underlying a separate venue provision for Section 7(a) claims is clear; under that Section, an executive may seek advancement for expenses in a court proceeding venued outside of Delaware. Since Wafra's only United States offices are in New York and Texas (Reply Declaration of Christopher Leary ("Leary Reply Dec.") ¶ 2), Wafra reasonably could foresee a range of litigation against its executives outside of Delaware. The Agreement explicitly authorizes Section 7(a) advancement and indemnification claims in such proceedings to avoid duplicative litigation and inconsistent results in multiple jurisdictions. As Delaware Courts have repeatedly recognized in interpreting forum selection provisions: "[C]onfin[ing] litigation to one forum, serves the public's interest in the orderly administration of justice by . . . reducing the risk of

---

("Appellants' argument would render the policy's stated choice between the lowest of actual cash value of the property and the amount necessary to repair or replace damaged property both illusory and meaningless.").

[5] McWane, Inc. v. Lanier, No. 9488-VCP, 2015 WL 399582 (Del. Ch. Jan. 30, 2015) (Def. Br. 8) is not to the contrary. In contrast to Section 7(a), the venue provision in one of the two contracts at issue in McWane was permissive and not a party's absolute right.

conflicting verdicts."[6] Indeed, this Court in Midamines SPRL Ltd. V. KBC Bank NV, cited by Wafra (Def. Br. 6-7), recognized that even in the absence of an alternative venue provision like Section 7(a), such "public interest factors may trump an otherwise valid forum selection clause."[7]

Moreover, even if the venue provisions of the Agreement were ambiguous, which they are not, they should be construed against Wafra as the drafter. See Town of Georgetown v. David A. Bramble, Inc., No. 15-554-LPS, 2017 WL 3335757, at *3 (D. Del. Aug. 2, 2017). Leary played no part in crafting the Agreement. (Leary Reply Dec. ¶ 3) The Agreement's authorization of litigation of Leary's Section 7(a) claims in this Court of competent jurisdiction should proceed.

II.     THE COUNTERCLAIMS ALLEGE MISCONDUCT SUBJECT TO ADVANCEMENT

Apparently abandoning its contention that the Agreement precludes advancement for counterclaims against a former executive (ECF 90, Exs. 3 & 5), Wafra argues that its counterclaims do not allege misconduct "by reason of [Leary's] Corporate Status." (Def. Br. 9-14) Wafra is wrong and ignores undisputed facts, its own allegations of Leary's misconduct as an Executive Vice President, and Delaware courts' broad interpretation of such entitlement to advancement and indemnification.

The Delaware Supreme Court has held "if there is a nexus or causal connection between any of the [claims for advancement under Delaware law] and one's official corporate capacity, those proceedings are 'by reason of the fact' that one was a corporate officer, without regard to one's motivation for engaging in that conduct." Homestore, Inc. v. Tafeen, 888 A.2d

---

[6] Nat'l Union Fire Ins. Co. v. Trustwave Holdings, Inc., No. 14C-10-160 MMJ (CCLD), 2016 WL 2354621, at *5 (Del. Super. Ct. May 3, 2016) (quoting Ashall Homes Ltd. v. ROK Entm't Group Inc., 992 A.2d 1239, 251 (Del. Ch. 2010)).

[7] No 12 Civ. 8089 (RJS), 2014 WL 1116875, at *6 (S.D.N.Y. Mar. 18, 2014), aff'd, 601 F. App'x 43 (2d Cir. 2015). In contrast to this case, Midamines did not involve an alternative forum selection provision.

204, 214 (Del. 2005). Wafra fails to dispute the allegations (Pl. Br. 9-10) — Leary's executive status, his access to confidential materials and his role in conducting business meetings and phone calls — that demonstrate that Leary's purported misconduct had a nexus to his official duties. Indeed, Wafra's first counterclaim alleges Leary's breach of his fiduciary duties "arising" in part from his "executive positions at Wafra." (Defendants' Answer to Amended Complaint with Amended Counterclaims ("Defs. Counterclaims"), ECF 24 at 18 ¶ 26).

While all Wafra employees purportedly are prohibited from sending confidential information to personal email accounts, Wafra does not contest that Leary possessed such information solely because of his executive role. Indeed, the Delaware Chancery Court recently reaffirmed a line of cases authorizing advancement for executives who, because of their corporate status, had access to corporate materials they allegedly misused.[8] That is precisely the misconduct Wafra alleges against Leary. (Defs. Counterclaims ECF 24 at 16 ¶¶ 11-13)

The other violations Wafra alleges similarly charge that Leary breached his fiduciary duties as an executive. While all Wafra employees may be prohibited from working under the influence of alcohol, Leary, by virtue of his corporate status, participated in Security Department meetings and business phone calls where, according to Wafra, his alleged intoxication "le[d] to underperformance by his clients' securities portfolios and caus[ed] his division to not be profitable." (Defs. Counterclaims at 18 ¶ 23; see id. at 17-19 ¶¶ 18-21, 28)[9] Wafra thus alleges that because of his executive status, Leary's intoxication allowed him to perpetrate these harms

---

[8] Ephrat v. MedCPU, Inc. No. 2018-0852-MTZ, 2019 WL 2613281, at *6-7 (Del. Ch. June 26, 2019) (citing cases).

[9] Thus, while all of defendant's employees in Parneros v. Barnes & Noble, Inc. 18 Civ. 7834 (S.D.N.Y. May 6, 2019) presumably were forbidden from sexually harassing staff, this Court ordered advancement for an executive who allegedly engaged in such behavior. (ECF 90, Ex. 6 at 15)

and violate his fiduciary obligations to Wafra.[10] Delaware courts have repeatedly held that such "pleadings in the underlying litigation" determine "the scope of an individual's advancement rights;"[11] Wafra pleads counterclaims that accuse Leary of wrongs he could effect only because of his corporate position.

While relying primarily (Def. Br. 10-11) on Weaver v. ZeniMax Media Inc., No. Civ. A 20439-NC, 2004 WL 243163 (Del. Ch. Jan. 30, 2004) and Stifel Fin. Corp. v. Cochran, 809 A.2d 555 (Del. 2002), Wafra fails to acknowledge the broader advancement standard more recently adopted by Delaware courts and acknowledged by this Court.

> Since Weaver and Cochran, Delaware courts generally have eschewed attempting to resolve disputes over whether claims relate to a potential indemnitee's personal or official capacity at the advancement stage unless the answer can be discerned swiftly, accurately, and consistent with the summary nature of an advancement proceeding.

Mooney v. Echo Therapeutics, Inc., C.A. No. 10054-VCP, 2015 WL 3413272, at *8 (Del. Ch. May 28, 2015); see Parneros, ECF 90, Ex. 6 at 16-17.[12] Wafra similarly ignores the obvious distinction between Leary and the executives in Bernstein and Charney (Def. Br. 11);[13] the

---

[10] Although Wafra used Leary's having two glasses of wine during a business lunch as a pretext for his biased dismissal, he was never intoxicated at work. (Leary Reply Dec. ¶ 4) In any event, "Under Delaware law, [his] right to receive the costs of defense in advance does not depend upon the merits of the claims asserted against" him. Ridder v. CityFed Fin. Corp., 47 F.3d 85, 87 (3d Cir. 1995).

[11] Ephrat, 2019 WL 2613281, at *5; Marino v. Patriot Rail Co., 131 A.3d 325, 346 (Del. Ch. 2016).

[12] As shown (Memorandum of Law in Support of Plaintiff's Motion for Leave to File a Third Amended Complaint at 11, ECF 89 at 11), Weaver is also distinguishable on the facts. Cochran is similarly inapposite: indemnification was denied in Cochran for claims unconnected to the performance of executive functions: post-employment competition and failure to repay a promissory note and excess compensation. 809 A.2d at 562.

[13] Bernstein v. TractManager, Inc., 953 A.2d 1003 (Del. Ch. 2007); Charney v. Am. Apparel, Inc., No. 11098-CB, 2015 WL 5313769 (Del. Ch. Sept. 11, 2015).

misconduct in those cases occurred when the plaintiffs were no longer in an executive capacity. In contrast, Wafra's counterclaims allege misconduct in Leary's corporate capacity which entitles him to advancement.

### III. LEARY REASONABLY BELIEVED THE ALLEGED MISCONDUCT WAS NOT OPPOSED TO WAFRA'S INTERESTS

Wafra does not dispute, as it cannot, that Leary's assessment of his employer's best interest is irrelevant to his entitlement to advancement. (Pl. Br. 12-14)[14] Wafra, however, twists the standard for indemnification; Leary's alleged misconduct need not "benefit[] Wafra" as defendants claim. (Def. Br. 15) Rather, he need only have reasonably believed that his actions were not opposed to Wafra's best interests. (Agreement Section 6(e))

Leary reasonably believed that sending himself documents to secure Wafra's compliance with its equal employment obligations was not contrary to his employer's interests. Indeed, Wafra's employee handbook trumpets the company's opposition to bias of any type. (Raskin Reply Dec. Ex. 3) Although Leary was not able to secure unbiased treatment while still employed at Wafra, his efforts to do so by preserving proof of discrimination were not contrary to Wafra's purported interest in a discrimination-free workplace. Finally, Leary, contrary to Wafra's pretextual contentions, was never intoxicated at work. Nor was his performance ever affected by alcohol. (Leary Reply Dec. ¶ 4) Accordingly, he reasonably believed that he had done nothing contrary to Wafra's best interest and is entitled to both advancement and indemnification.

### IV. LEARY IS ENTITLED TO FEES AND COSTS OF THIS MOTION

Wafra ignores both the Agreement's explicit language and the multiple Delaware

---

[14] As Delaware courts have repeatedly held, the executive's motives for the alleged misconduct are irrelevant to his entitlement to advancement. See Homestore, 888 A.2d at 214; Perconti v. Thornton Oil Corp., No. Civ. A. 18630-NC, 2002 WL 982419, at *7 (Del. Super. Ct. May 3, 2002).

cases that require a former employer to pay an executive's expenses in securing advancement.[15] Contrary to that clear authority, Wafra repeats the contentions disproved above: that Leary did not act in good faith or in the best interest of his employer. (Def. Br. 14-15) However, even if Wafra's allegations were true, which they are not, Section 145 of Delaware General Corporations Law does not preclude advancement of the fees and costs for this motion.

> [T]his court has often been required to uphold the indemnification and advancement rights of corporate officials accused of serious misconduct, because to do otherwise would undermine the salutary public policies served by § 145. . . .[There is] a consistent line of authority upholding the contractual and statutory advancement and indemnification rights of corporate officials charged with serious misconduct allegedly inspired by personal greed.

Reddy v. Electronic Data Sys. Corp., No. Civ. A 19467, 2002 WL 1358761, at *6 (Del. Ch. June 18, 2002) (directing parties to "work out an appropriate award of 'fees for fees'").

Indeed, the sole case Wafra cites (Def. Br. 19) in opposing Leary's request for fees for the cost of this motion, mandated advancement for an appeal by executives convicted of making payments on non-competition agreements that defrauded their employer.[16] Plainly, those executives, in contrast to Leary, could not have believed that their conduct was consistent with the best interests of their employers. Nevertheless, the Court required advancement. Like its other arguments, Wafra's contention that Leary is not entitled to "fees on fees" is without merit.

## V.   LEARY HAS NOT UNDULY DELAYED IN FILING THIS MOTION

Leary has not unduly delayed filing this Motion. "[M]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to

---

[15] See Pl. Br. 15; Weil v. VEREIT Operating P'ship, L.P., No. 2017-0613-JTL, 2018 WL 834428, at *15 (Del. Ch. Feb. 13, 2018); Barrett v. Am. Country Holdings, 951 A.2d 735, 746 (Del. Ch. 2008) (following Delaware "Supreme Court jurisprudence mandating 'fees on fees' in advancement action[]" for executives sued by former employer for fraud).

[16] Sun-Times Media Grp. v. Black, 954 A.2d 380 (Del. Ch. 2008).

amend." Mestizo v. H2 Candy & Nuts, Inc., No. 17 Civ. 8519 (NSR)(LMS), 2019 WL 2209203, at *3 (S.D.N.Y. May 21, 2019) (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)). Similarly, the argument Wafra makes (Def. Br. 17-18) "that the plaintiff *could have* moved to amend earlier because he had knowledge of facts underlying the proposed amendment is insufficient to demonstrate undue delay." Pearlstein v. BlackBerry Ltd., No. 13-Civ.-7060 (TPG), 2017 WL 4082306, at *2 (S.D.N.Y. Sept. 13, 2017). As shown above, the proposed amendment would not be futile.[17]

Wafra has shown no prejudice as a result of any delay since "the fact that . . . fees and expenses have already been incurred does not defeat a claim of advancement." Empire Merchants, LLC v. Merinoff, No. 16-Civ.-9590 (JMF), 2018 WL 317848, at *3 (S.D.N.Y. Jan. 5, 2018).[18] This amendment will not require additional discovery; the only depositions conducted to date have been of plaintiff's treating physicians (Raskin Reply Dec. ¶ 6)[19] and the proposed amendment does not add new factual allegations.[20] Even if the amendment entailed additional

---

[17] Wafra's citations are not to the contrary. See Hernandez v. BMNY Contracting Corp., No. 17 Civ. 9375 (GBD), 2019 WL 418498, at *2 (S.D.N.Y. Jan. 17, 2019) (denying motion when "not properly pled 'upon information and belief'" and when "[t]he proposed amendments would also be futile."); Gurvey v. Cowan, Liebowitz & Latman, P.C., No. 06 Civ. 1202 LGS HBP, 2013 WL 3718071, at *8-9 (S.D.N.Y. July 15, 2013) (denying motion to amend when "all of plaintiff's proposed new claims . . . are futile" as either "far too threadbare to meet the heightened pleading standard of Rule 9(b)," "precluded by the doctrine of *res judicata*," or otherwise "equally defective.").

[18] See Mooney v. Echo Therapeutics, Inc., 2015 WL 3413272, at *2, 5 (same); cf. Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990) (Def. Br. 18) (denying amendment when plaintiffs sought to amend only after summary judgment motion was filed).

[19] See Mestizo, 2019 WL 2209203, at *3 (allowing amendment; "the need to talk additional depositions" did not amount to undue prejudice.).

[20] See Learning Care Grp., Inc. v. Carlene Armetta, No. 3:13-CV-1540 VAB, 2015 WL 4041401, at *2 (D. Conn. July 1, 2015) (allowing amendment when "the claims arise out of the same facts as those made in the current Complaint.").

discovery, which it does not, "the fact that an amendment will require a party to invest additional resources in litigation is not sufficient grounds for its denial." Duling v. Gristede's Operating Corp., 265 F.R.D. 91, 101 (S.D.N.Y. 2010).[21]

Finally, Wafra has not even suggested that the timing of plaintiff's motion reflects bad faith.[22] As Wafra has demonstrated neither undue prejudice nor bad faith, this motion should be granted.

## CONCLUSION

Plaintiff's Motion for Leave to File a Third Amended Complaint should be granted.

Dated: New York, New York
July 23, 2019

VLADECK, RASKIN & CLARK, P.C.

By: _____
Debra L. Raskin
Thomas Bellifemine
Tavi Unger
Attorneys for Plaintiff
565 Fifth Avenue, 9th Floor
New York, New York 10017
(212) 403-7300

---

[21] See Pasternack v. Shrader, 863 F.3d 162, 174 (2d Cir. 2017) ("Nor can complaints of 'the time, effort and money . . . expended in litigating [the] matter,' without more, constitute prejudice sufficient to warrant denial of leave to amend." quoting State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)).

[22] See Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 235 (2d Cir. 1995) (allowing amendment where defendant "moved to amend its answer more than four years after the complaint was filed" as plaintiff "has offered no reason, such as prejudice or bad faith on [defendant's] part, to call the district court's decision into question.").